**FILED**

FEB 0 ᵔ 2010

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY CLERK

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| TEMPLE TAG, INC. and<br>TEMPLE TAG II, LTD.<br><br>    Plaintiffs.<br><br>vs.<br><br>ALLFLEX USA, INC. and<br>ALLFLEX NEW ZEALAND<br>LIMITED<br><br><br>    Defendants. | § § § § § § § § § § § § § | Civil Action No._____<br><br>**W10CA031** |

### COMPLAINT FOR DELCARATORY JUDGMENT

Plaintiffs, Temple Tag, Inc. and Temple Tag II, Ltd (collectively referred to as "Temple Tag") bring this action against Allflex USA, Inc. and Allflex New Zealand Limited (collectively referred to as "Allflex") and for its cause of action alleges:

### I.

### THE PARTIES

1.      Plaintiff, Temple Tag, Inc. is a Texas Corporation with a principal place of business at 409 N. Highway 95; Little River Academy, Texas, and a mailing address of P.O. Box 369; Temple, Texas 76503.

2.      Plaintiff, Temple Tag II, Ltd. d/b/a Temple Tag, Ltd. is a Texas Limited Partnership with a principal place of business at 409 N. Highway 95; Little River Academy, Texas, and a mailing address of P.O. Box 369; Temple, Texas 76503.

3.      Defendant, Allflex USA, Inc. is, on information and belief, a Delaware Corporation with principal offices at 2805 East Fourteenth Street Dallas/Ft. Worth Airport Texas 75261-2266.

552457

4.      Defendant, Allflex New Zealand Limited has its principal place of business located at 17 El Prado Drive, Palmerston North, New Zealand.

## II.

## JURISDICTION AND VENUE

5.      This is an action for declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202.

6.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 in that the action arises under the Patent Laws of the United States, Title 35, United States Code.

7.      Temple Tag, Inc. and Temple Tag II, Ltd. is entitled to a judgment declaring that no product of Temple Tag that has been identified by Allflex USA, Inc. and Allflex New Zealand Limited as infringing U.S. Patent No. 6,666,170 ("the '170 patent") infringes any claim of such patent.

8.      This Court has personal jurisdiction over Allflex, at least in part because Allflex does business in, and has regular contacts with this State and District.  Venue lies properly within this District pursuant to 28 U.S.C. § 1391 (b) and (c).

## III.

## FACTS

9.      Temple Tag has for many years produced and sold livestock ear tags and related products in or near Temple, Texas.

10.      Among Temple Tag's present products is an electronic ear tag sold under Temple Tag's brand name – ComfortEar™.

11.      Allflex New Zealand Limited is, on information and belief, the current owner of the '170 patent (a copy of which is attached hereto as **EXHIBIT "A"**). Allflex USA, Inc., on information and belief, is an exclusive licensee of the '170 patent.

552457

12. The '170 includes seven claims (one independent claims and six dependent claims), all relating to conventional animal ear tags as depicted in the specification of the '170 patent.

13. The ComfortEar™ brand tag is a snap-together structure which includes a male component that, in use, resides on one side of an animal's ear, a female component which resides on the opposite side of the ear, and a projection of the male component that passes through the ear, for securing the ComfortEar™ electronic ear tag. A partial, schematic depiction of the female component of the ComfortEar™ product is shown in **EXHIBIT "B"** hereto.

14. On or about January 25, 2010, Mr. Brian Bolton who, on information and belief, is the CEO of Allflex USA, Inc. contacted Mr. Roger Hinds of Temple Tag, initially by telephone, to inform Temple Tag of Allflex's allegation that the ComfortEar™ electronic ear tag infringed both the '170 patent and a purported worldwide patent.

15. Email communications between Allflex and Temple Tag followed the January 25, 2010 telephone call (including the transmission by Allflex of the '170 patent and the alleged "worldwide patent" (actually a mere PCT patent application, a copy of which is attached hereto as **EXHIBIT "C"**)).

16. On the morning of January 29, 2010, Mr. Bill McCoy of Temple Tag met in-person with Mr. Bolton at a trade show in San Antonio, Texas. At this meeting, Mr. Bolton (referring to specific components of samples of ear tag products) repeated his allegation that Temple Tag's ComfortEar™ electronic animal ear tag infringed the '170 patent, and indicated that Temple Tag would need to redesign its ComfortEar™ brand ear tag to avoid infringement claims by Allflex.

17. The ComfortEar™ brand ear tag product is an important part of Temple Tag's product line – one on which Temple Tag relies for a substantial part of its revenues. Allflex's allegations and demands come at a time when Temple Tag is to bid

3

552457

on supplying ComfortEar™ brand ear tags to customers, in direct competition with Allflex (a fact which, on information and belief, was known to Allflex at the time of their referenced contacts with Temple Tag ).

18.    The threat of litigation with Allflex is a significant hindrance to Temple Tag and, on information and belief, its distributors and customers. This is true, in part, because going forward with bids and sales of its ComfortEar™ products subjects Temple Tag and all those dealing with Temple Tag to reasonable apprehension of claims by Allflex of patent infringement, willful patent infringement, and of damages over and above any for which an alleged foundation already would allegedly lie in prior sales.

19.    Without early resolution of the controversy with Allflex relating to the scope of the '170 patent, Temple Tag is placed at an unfair and unjust competitive disadvantage.

20.    Temple Tag has an objective basis for believing that, unless Temple Tag abstains from selling products for which it needs no license or permission from Allflex, Allflex will commence litigation against Temple Tag, such objective basis lying, at least in part, on the affirmative actions of Allflex (contacting Temple tag and expressly alleging that Temple Tag is infringing Allflex's '170 patent by making and selling the ComfortEar™ electronic ear tag).

## IV. COUNTS

### COUNT I

### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,666,170)

21.    Temple Tag repeats and re-alleges paragraphs 1 - 22, above, as though fully set forth herein.

22.    An actual controversy exists between Temple Tag and Allflex regarding whether or not Temple Tag has infringed or continues to infringe any claim of the '170 patent.

552457

23.     Temple Tag is not infringing and has never infringed any claim of the '170 patent, either directly or indirectly, either literally or under the doctrine of equivalents.

24.     Under these circumstances, Temple Tag is entitled to a declaratory judgment from this Court that Temple Tag does not and has not infringed the '170 patent directly, as contributory infringer, or by inducing a third-party to infringe.

## COUNT II

### (DECLARATORY JUDGMENT OF INVALIDITY OF ALL CLAIMS OF U.S. PATENT NO. 6,666,170)

25.     Temple Tag repeats and re-alleges paragraphs 1 - 22, above, as though fully set forth herein.

26.     An actual controversy exists between Temple Tag and Allflex regarding whether or not each claim of the '170 patent is valid.

27.     The claims of the '170 patent are invalid because the alleged invention fails to satisfy one or more conditions of patentability set forth in 35 U.S.C. §§ 102, 103, and/or 112.

28.     Temple Tag is entitled to a declaratory judgment that each claim of the '170 patent is invalid.

## V.

### PRAYER FOR RELIEF

WHEREFORE, Temple Tag, Inc and Temple Tag II, Ltd., jointly and severally ask that the Court enter judgment against ALLFLEX as follows:

A.     Declare that Temple Tag, Inc. has not infringed, and does not infringe, either directly, indirectly, or otherwise, any valid claim of the '170 patent;

B.     Declare that Temple Tag II, Ltd. has not infringed, and does not infringe, either directly, indirectly, or otherwise, any valid claim of the '170 patent;

5

552457

C.    Declare the claims of the '170 patent invalid;

D.    Declare this case exceptional and award Temple Tag, Inc. and Temple Tag II, Ltd, their reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

E.    Aware Temple Tag, Inc. and Temple Tag II, Ltd. Their costs and reasonable expenses; and

F.    Grant Temple Tag, Inc. and Temple Tag II, Ltd. Such other and further relief as the Court may deem just and proper.

## VI.

## JURY DEMAND

Temple Tag, Inc and Temple Tag II, Ltd. each requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

By: _____
David G. Henry, Sr.
Texas State Bar No. 09479355
PATTON BOGGS, LLP
2000 McKinney Ave; Suite 1700
Dallas, Texas  75201
Telephone: 214-758-1500
Facsimile: 214.758.1550
Email: dghenry@pattonboggs.com

552457